# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| WALTER M. WRIGHT, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:07-cv-9 (HL) |
| GILBERT HARDY and MERCER TRANSPORTATION CO., INC., | : | |
| Defendants. | : | |

## ORDER

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis—even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

## I. PROPER JURISDICTION

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Plaintiff's allegation of diversity jurisdiction in this case contains a number of errors. The Court will address each in turn.

### A. Citizenship

#### 1. Natural Persons

Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004).

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile—synonymous with "state citizenship" in

diversity jurisprudence—generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id.; e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334.

Here, Plaintiff failed to plead citizenship correctly. To illustrate, Plaintiff alleged, "Plaintiff is a resident of the State of Alabama." (Compl. ¶ 1.) Plaintiff further alleged "Defendant Hardy is a Georgia resident." (Compl. ¶ 2.) Allegations regarding residency tell the Court nothing. In lieu of residency, Plaintiff must allege United States citizenship and the states of which the natural person parties are "citizens" or "domiciliaries." Consequently, Plaintiff must amend his Complaint to cure this jurisdictional defect.

### 2. Corporations

Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 Moore's, § 102.30 (citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Regarding corporations, however, what constitutes a "citizen" much clearer. A corporation is a citizen of any State in which it was incorporated

and of the State of its one principal place of business. See 28 U.S.C.A. 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998).

Plaintiff fails to make any allegation whatsoever regarding the citizenship of Defendant Mercer Transportation Co., Inc., in his Complaint. Plaintiff has failed to give the Court any indication of the State in which the corporation is incorporated or the State of its one principal place of business. Therefore, the Court cannot determine whether it has jurisdiction over this case. Consequently, Plaintiff must amend his Complaint to cure this jurisdictional defect.

**II.      CONCLUSION**

For the reasons set forth above, Plaintiff must amend his Complaint to cure these jurisdictional defects. If Plaintiff fails to file an amendment correcting these defects within twenty (20) days after this Order is entered on the docket, this case shall be **DISMISSED**.

**SO ORDERED**, this the 6th day of June, 2007.

                                *s/  Hugh Lawson*
                                 **HUGH LAWSON, Judge**

pdl